FILED
At Albuquerque NM

DEC 05 2012

MATTHEW J. DYKMAN
CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) CRIMINAL NO. 12-3110 |
| | ) |
| vs. | ) Count 1: 18 U.S.C. § 371: Conspiracy; |
| | ) |
| **CARMELLA MARTINEZ** and | ) Counts 2-5: 18 U.S.C. § 666(a)(1)(A): Theft |
| **PAUL G. MARTINEZ,** | ) Concerning Programs Receiving Federal Funds; |
| | ) 18 U.S.C. § 2: Aiding and Abetting; |
| Defendants. | ) |
| | ) Counts 6-49: 18 U.S.C. § 641: Theft of |
| | ) Government Property; 18 U.S.C. § 2: Aiding and |
| | ) Abetting. |

## INDICTMENT

The Grand Jury charges:

### Background

1. The United States Department of Housing and Urban Development (HUD) is a federal agency whose central mission is to make quality, affordable housing accessible to all Americans. In carrying out its mission, HUD oversees and funds a number of programs designed to provide affordable housing for low-income Americans. One such program is known as the Housing Choice Voucher Program.

2. The Housing Choice Voucher Program, also commonly referred to as Section 8 housing, is a rent subsidy program that assists low income families to obtain decent, safe, and sanitary housing. Eligible families and individuals must be low income, which means families and/or individuals who have income no higher than 80 percent of the area median income.

3. If an eligible beneficiary receives a Section 8 voucher for subsidized housing

assistance under the Housing Choice Voucher Program, HUD pays rent subsidies to the property owners/landlords. The rent subsidy, also known as Housing Assistance Payments (HAP), comprises the difference between what the tenant can pay based on income and other factors and the contract rent established for that geographical area. Public Housing Authorities (PHAs) administer this program for a fee for HUD. The PHA is responsible for paying the landlord/owner the HAP for a particular Section 8 tenant.

4. The TCHA is a PHA in Taos County, New Mexico. TCHA was created pursuant to a Municipal Housing Law which vested TCHA with the power to construct, maintain, operate, and manage any housing project or affordable housing programs on behalf of the county. The TCHA administers the Section 8 program and other HUD programs on behalf of HUD in Taos County. The TCHA operates under the direction of HUD and the TCHA Board. The TCHA Board is appointed by the Taos County Board of Commissioners. On average, the TCHA receives approximately $2.8 million dollars in funds annually from HUD.

5. At all times relevant to this indictment, the defendant **CARMELLA MARTINEZ (C. MARTINEZ)** was an employee of the TCHA. At all times relevant to this indictment, **C. MARTINEZ** was either the TCHA Executive Director or the TCHA Financial Specialist. **C. MARTINEZ**'s responsibilities in these positions included the processing of the HAP checks to the various Section 8 owners/landlords and providing preliminary approval of requests for rent subsidies or HAP to the various owners/landlords pursuant to the Housing Choice Voucher Program.

6. At all times relevant to this indictment, the defendant **PAUL G. MARTINEZ (P. MARTINEZ)** was the husband of **C. MARTINEZ**.

Count One

6. From on or about November 3, 2003, and continuing thereafter until on or about December 1, 2011, the defendants, **CARMELLA MARTINEZ (C. MARTINEZ)** and **PAUL MARTINEZ (P. MARTINEZ)**, unlawfully, knowingly, and intentionally combined, conspired, confederated, and agreed with one another and with others unknown to the Grand Jury to commit the following offenses against the United States, to wit,

    a. engaging in theft of program receiving Federal funds, contrary to 18 U.S.C. § 666(a)(1)(A); and

    b. engaging in theft of government property, the aggregate of which exceeds $1,000, contrary to 18 U.S.C. § 641.

Manner and Means

7. The manner and means by which the defendants, **C. MARTINEZ** and **P. MARTINEZ**, sought to accomplish the objectives of the conspiracy included, among other things the following:

    a. Between November 2003 and December 2011, **C. MARTINEZ**, while serving as the TCHA Financial Specialist and the Executive Director, and **P. MARTINEZ** engaged in a scheme to steal funds from the TCHA, including funds received through the federal program described above, through the issuance of false and fraudulent checks for Section 8 housing assistance.

    b. Each month, **C. MARTINEZ** was responsible for the processing of HAP payments to various landlords/owners. When preparing the legitimate checks, **C. MARTINEZ** would cause a false and fraudulent check request to be issued based on a supposed need for a

3

monthly HAP to a particular owner/landlord.

  c.  **C. MARTINEZ** would cause to have issued fraudulent checks to various payees, including directly to **P. MARTINEZ**, to bank accounts held by her and **P. MARTINEZ**, as well as a bank account held by **C. MARTINEZ** and her father.

  d.  At least once a month beginning in 2003, **C. MARTINEZ** and **P. MARTINEZ** would present the fraudulent TCHA checks at various financial institutions, including People's Bank, U.S. Bank fna First Community Bank fna First State Bank of Taos (hereinafter referred to as First Community Bank), New Mexico Educators Federal Credit Union, and Del Norte Credit Union, as well as Super Save Discount Store.

## Overt Acts

  8.  In furtherance of the conspiracy, and to effect the objects thereof, the following overt acts, among others, were committed in the District of New Mexico:

  a.  On or about the date referenced in the following table, **C. MARTINEZ** caused to be issued a fraudulent TCHA check, each of which constitutes a separate overt act.

  b.  On or about the date referenced in the following table, **P. MARTINEZ** would present the fraudulent TCHA check at the specified financial institution or establishment, each of which constitutes a separate overt act.

| Date | Amount | Location |
|---|---|---|
| 11/3/2003 | $550.00 | First Community Bank |
| 1/2/2004 | $550.00 | First Community Bank |
| 3/1/2004 | $650.00 | First Community Bank |
| 7/1/2005 | $1,005.00 | New Mexico FCU |
| 8/1/2005 | $751.80 | First Community Bank |
| 9/1/2005 | $751.80 | Super Save Discount |
| 11/1/2005 | $998.00 | First State Bank |
| 1/3/2006 | $998.00 | Super Save Discount |
| 3/1/2006 | $998.00 | First Community Bank |

4

| Date | Amount | Location |
|---|---|---|
| 4/3/2006 | $998.00 | Super Save Discount |
| 5/1/2006 | $998.00 | Super Save Discount |
| 6/1/2006 | $998.00 | First Community Bank |
| 7/3/2006 | $998.00 | First Community Bank |
| 10/2/2006 | $998.00 | First Community Bank |
| 12/1/2006 | $831.00 | Super Save Discount |
| 1/1/2007 | $998.00 | Super Save Discount |
| 2/1/2007 | $998.00 | Super Save Discount |
| 3/1/2007 | $998.00 | Super Save Discount |
| 4/2/2007 | $998.00 | Super Save Discount |
| 5/1/2007 | $998.00 | Super Save Discount |
| 7/2/2007 | $998.00 | Super Save Discount |
| 9/1/2007 | $998.00 | Super Save Discount |
| 10/1/2007 | $998.00 | First Community Bank |
| 11/1/2007 | $998.00 | First Community Bank |
| 12/3/2007 | $998.00 | First Community Bank |

c.  The description of each of the checks listed in Counts 6 through 49 are incorporated herein. On or about the date referenced in Counts 6 through 49, **C. MARTINEZ** caused to be issued a fraudulent TCHA check.

d.  The description of each of the checks listed in Counts 6 through 49 are incorporated herein. On or about the date referenced in Counts 6 through 49, **P. MARTINEZ** would present the fraudulent TCHA check at the specified location.

In violation of 18 U.S.C. § 371.

### Count Two

8.  The grand jury hereby realleges and reincorporates the allegations contained in paragraphs 1-7, *supra*, as though fully set forth herein.

9.  Between January 1, 2008, and December 1, 2008, both dates being approximate and inclusive, in the District of New Mexico, the defendants, **CARMELLA MARTINEZ (C. MARTINEZ)** and **PAUL G. MARTINEZ**, while **C. MARTINEZ** was an agent of an organization that received at least $10,000 in benefits under a federal program during calendar

5

year 2008, to wit, the United States Department of Housing and Urban Development's Housing Choice Voucher Program, knowingly and unlawfully embezzled, stole and converted to her own use property, namely Section 8 housing monies, valued at $5,000 or more that was owned by or under the care, custody or control of that organization.

In violation of 18 U.S.C. § 666(a)(1)(A), and 18 U.S.C. § 2.

### Count Three

10.  The grand jury hereby realleges and reincorporates the allegations contained in paragraphs 1-9, *supra*, as though fully set forth herein.

11.  Between January 1, 2009, and December 22, 2009, both dates being approximate and inclusive, in the District of New Mexico, the defendants, **CARMELLA MARTINEZ (C. MARTINEZ)** and **PAUL G. MARTINEZ**, while **C. MARTINEZ** was an agent of an organization that received at least $10,000 in benefits under a federal program during calendar year 2009, to wit, the United States Department of Housing and Urban Development's Housing Choice Voucher Program, knowingly and unlawfully embezzled, stole and converted to her own use property, namely Section 8 housing monies, valued at $5,000 or more that was owned by or under the care, custody or control of that organization.

In violation of 18 U.S.C. § 666(a)(1)(A), and 18 U.S.C. § 2.

### Count Four

12.  The grand jury hereby realleges and reincorporates the allegations contained in paragraphs 1-11, *supra*, as though fully set forth herein.

13.  Between January 1, 2010, and December 1, 2010, both dates being approximate and inclusive, in the District of New Mexico, the defendants, **CARMELLA MARTINEZ (C. MARTINEZ)** and **PAUL G. MARTINEZ**, while **C. MARTINEZ** was an agent of an

organization that received at least $10,000 in benefits under a federal program during calendar year 2010, to wit, the United States Department of Housing and Urban Development's Housing Choice Voucher Program, knowingly and unlawfully embezzled, stole and converted to her own use property, namely Section 8 housing monies, valued at $5,000 or more that was owned by or under the care, custody or control of that organization.

In violation of 18 U.S.C. § 666(a)(1)(A), and 18 U.S.C. § 2.

### Count Five

14. The grand jury hereby realleges and reincorporates the allegations contained in paragraphs 1-13, *supra*, as though fully set forth herein.

15. Between January 3, 2011, and December 1, 2011, both dates being approximate and inclusive, in the District of New Mexico, the defendants, **CARMELLA MARTINEZ (C. MARTINEZ)** and **PAUL G. MARTINEZ**, while **C. MARTINEZ** was an agent of an organization that received at least $10,000 in benefits under a federal program during calendar year 2011, to wit, the United States Department of Housing and Urban Development's Housing Choice Voucher Program, knowingly and unlawfully embezzled, stole and converted to her own use property, namely Section 8 housing monies, valued at $5,000 or more that was owned by or under the care, custody or control of that organization.

In violation of 18 U.S.C. § 666(a)(1)(A), and 18 U.S.C. § 2.

### Counts Six through Forty-Nine

16. The grand jury hereby realleges and reincorporates the allegations contained in paragraphs 1-15, *supra*, as though fully set forth herein.

17. On or about the following dates, in the District of New Mexico, the defendants, **CARMELLA MARTINEZ (C. MARTINEZ)** and **PAUL G. MARTINEZ**, knowingly and

unlawfully embezzled, stole and converted to their own use and gain money and property of the United States, to wit, funds under the supervision and control of the United States Department of Housing and Urban Development, the value of such property being in excess of $1000, as follows:

| Count | Date | Amount | Location |
|---|---|---|---|
| 6 | 1/1/2008 | $998.00 | First Community Bank |
| 7 | 2/1/2008 | $998.00 | Super Save Discount |
| 8 | 3/2/2008 | $998.00 | First Community Bank |
| 9 | 4/1/2008 | $998.00 | First Community Bank |
| 10 | 5/1/2008 | $998.00 | Super Save Discount |
| 11 | 6/2/2008 | $998.00 | First Community Bank |
| 12 | 7/1/2008 | $998.00 | First Community Bank |
| 13 | 9/2/2008 | $998.00 | First Community Bank |
| 14 | 10/1/2008 | $998.00 | First Community Bank |
| 15 | 11/3/2008 | $998.00 | First Community Bank |
| 16 | 11/30/2008 | $998.00 | First Community Bank |
| 17 | 1/1/2009 | $998.00 | First Community Bank |
| 18 | 2/2/2009 | $998.00 | First Community Bank |
| 19 | 3/1/2009 | $998.00 | First Community Bank |
| 20 | 4/1/2009 | $998.00 | First Community Bank |
| 21 | 6/1/2009 | $998.00 | First Community Bank |
| 22 | 7/1/2009 | $998.00 | First Community Bank |
| 23 | 9/1/2009 | $998.00 | First Community Bank |
| 24 | 10/1/2009 | $998.00 | First Community Bank |
| 25 | 11/2/2009 | $998.00 | First Community Bank |
| 26 | 12/1/2009 | $998.00 | First Community Bank |
| 27 | 1/4/2010 | $998.00 | First Community Bank |
| 28 | 2/1/2010 | $998.00 | First Community Bank |
| 29 | 3/1/2010 | $998.00 | First Community Bank |
| 30 | 4/1/2010 | $998.00 | First Community Bank |
| 31 | 4/1/2010 | $998.00 | First Community Bank |
| 32 | 5/1/2010 | $998.00 | First Community Bank |
| 33 | 6/1/2010 | $998.00 | First Community Bank |
| 34 | 7/1/2010 | $998.00 | Super Save Discount |
| 35 | 8/1/2010 | $998.00 | First Community Bank |
| 36 | 9/1/2010 | $998.00 | First Community Bank |
| 37 | 10/1/2010 | $998.00 | First Community Bank |
| 38 | 11/1/2010 | $998.00 | First Community Bank |
| 39 | 12/1/2010 | $813.00 | First Community Bank |
| 40 | 12/1/2010 | $998.00 | First Community Bank |

| Count | Date | Amount | Location |
|---|---|---|---|
| 41 | 1/3/2011 | $998.00 | First Community Bank |
| 42 | 2/1/2011 | $998.00 | First Community Bank |
| 43 | 3/1/2011 | $998.00 | Super Save Discount |
| 44 | 4/1/2011 | $998.00 | First Community Bank |
| 45 | 5/2/2011 | $998.00 | Peoples Bank |
| 46 | 6/1/2011 | $998.00 | First Community Bank |
| 47 | 7/1/2011 | $998.00 | First Community Bank |
| 48 | 7/1/2011 | $1,028.00 | First Community Bank |
| 49 | 12/1/2011 | $1,378.00 | Super Save Discount |

In violation of 18 U.S.C. § 641, and 18 U.S.C. § 2.

A TRUE BILL:

/s/
FOREPERSON OF THE GRAND JURY

Assistant United States Attorney

11/28/12  4:38pm